Neilson, J.
This action was brought to recover for a personal injury suffered by the plaintiff from the bursting of a kitchen boiler, which had been put into *264 the residence by the defendant, for the use of the tenants. The plaintiff was in the kitchen and near the hot water boiler, when it exploded, and was seriously injured. The defendant had leased the premises to a tenant by whom a portion thereof had been relet to the plaintiff’s husband. The lease contained no covenant as to the condition of the tenement or fixtures, or as to maintaining them, or the making, of repairs.
The question contested on the trial as to the defendant’ s liability was somewhat special, there having been no contract to the breach of which the claim could have had relation. On the trial, and on this hearing as to a new trial, the learned counsel for the defendant, in view of the terms of the lease, and the status of the parties as mere strangers, claimed that there could be no recovery.
At the trial my view was that the action could be maintained, if the defendant was chargeable with a breach of that duty which each citizen owes to every other citizen in the community. On reconsideration, I still think, that to entitle the plaintiff to legal redress, her claim must rest on that gro.und.
There are certain rights which subsist even between strangers; obligations which have to do with the well-being of society, and which are to be respected as fully as if they were the' subject of written stipulations between the parties immediately concerned in the event under investigation. Thus, for instance, if this defendant, ignorant of the laws of heat, steam, and pressure to be called into operation by the use of this boiler, and of the proper mode of construction, had himself, or by an agent known to have been equally wanting in knowledge,,, put up the boiler for use, or had been wanting in care as to the materials, and the needful means for the supply of water and the escape of steam to relieve the pressure, so that any sensible man must have known that the explosion would occur, there *265 would have been no reasonable doubt of the defendant’s liability. In such a case it would not be material that the injured party, then and there rightfully being by some privilege however derived, held no contract or guarantee from the defendant. They would, by the mere force-of circumstances, have been brought into immediate relations with each other. On the same principle it is that one is a wrongdoer who, to the injury of another, leaves a dangerous obstruction or an excavation in the street, or builds a wall at the end of his lot by the street so imperfectly, that it might be expected to fall, and does fall and injure persons on the sidewalk. A thing which would be proper if built with due care and skill may thus become a nuisance? and the builder be liable for- the evil consequences which might have been anticipated.
But the defendant having shown that in putting in this boiler he employed men of skill and experience, using the best materials, and that in fact he did all that the most prudent man in erecting and completing a dwelling could do for the safety of the inmates, it became my duty to dismiss the complaint.
. In my view, to have held the defendant liable, within the principle to which I have adverted, it would have been necessary, in the absence of evil intention on his part, to find Mm chargeable with gross negligence, and the evidence was not such as to warrant any such finding.
The application for a new trial is denied, with'costs.